## CIRACI CONST. CO. v. BATES.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8457. Decided May 7, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**112. ATTACHMENT.**
In action against corporation for damages for assault and battery, committed by its agent, attachment may issue on ground that obligation has been criminally incurred.
Error to Common Pleas.
Judgment affirmed.
Nicola & Horn, Cleveland, for Construction Co.

Soltz & Morris, Cleveland, for Bates.

### FULL TEXT.

VICKERY, J.
This cause comes into this court on a petition in error to the Court of Common Pleas of Cuyahoga County, the purpose being to reverse a judgment rendered in the Common Pleas Court.

At the inception of the hearing of this case a motion was interposed to dismiss the proceedings on the ground that it had become merely a moot question, the judgment having been rendered in the Common Pleas Court and the plaintiff in error having paid the judgment, but the plaintiff in error insists that he has the right to prosecute error to this court as the basis of an action to recover damages for a wrongful attachment.

It seems that the plaintiff in error was a corporation and somebody employed by the corporation probably acting, as far as we know, within the scope of his employment, committed an assault and battery upon the defendant in error, and a suit was brought against the corporation and the individual to recover damages, and an attachment was issued on the ground that the obligation had been criminally incurred, one of the grounds for attachment under the Ohio statute, and we presume a bond was given to comply with the laws of attachments under such cases.

A motion was made to dissolve said attachment on the ground, I believe, that a corporation could not be responsible for an assault and battery committed by an agent. Of course, it was not prosecuted criminally, but it was prosecuted civilly for assault and battery, and, assault and battery being a crime, the obligation was criminally contracted even though the remedy sought was a civil remedy and that would give a ground for the attachment.

Now the motion that was made to discharge this attachment was overruled and it was to that ruling that error was prosecuted here. Subsequently the judge in the Court of Common Pleas not only overruled the motion to discharge the attachment but sustained the attachment, and upon trial a judgment was entered for five hundred dollars in favor of the plaintiff below and that judgment, as already stated, has been paid and so the whole question is nothing more than a moot question here, but aside from that, we do not think that the court committed any error in overruling this motion.

With those views, we think the judgment of the court below ought to be affirmed. It will, therefore, be affirmed.
(Sullivan, PJ., concurs. Levine, J., not sitting.)